HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NEOU TEA,

    Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

    Defendant.

CASE NO. C07-0053RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion for summary judgment (Dkt. # 15) from Plaintiff Neou Tea, and a cross-motion to dismiss (Dkt. # 27) from Defendant United States Citizenship and Immigration Services ("USCIS"). Neither party has requested oral argument. For the reasons stated below, the court DENIES both motions and enters several case management orders.

## II. BACKGROUND & DISCUSSION

Mr. Tea is a 75-year-old Buddhist monk. He came to the United States from Cambodia early this decade. Beginning in 2002, he obtained "R-1" religious worker status from USCIS's predecessor, Immigration and Naturalization Services. The sponsoring organization for his religious worker visa was the International Buddhist

ORDER – 1

Temple in Los Angeles, California. Jacobson Decl. (Dkt. # 27, Ex. 1) ¶ 3. His R-1 status was set to expire on June 7, 2005. *Id.*

In February 2004, Mr. Tea left Los Angeles and came to Seattle, where he began working at the Khmer Buddhist Society. He continues that work today. As the court will soon discuss, the circumstances of Mr. Tea's move from Los Angeles to Seattle are disputed.

In March 2005, the Khmer Buddhist Society filed an I-129 Petition for Nonimmigrant Worker on Mr. Tea's behalf. Compl. (Dkt. # 3), Ex. 1. In what was apparently an error made by a Khmer Buddhist Society representative unfamiliar with the I-129 form, the form indicated that it was being filed on behalf of a petitioner residing outside the United States and seeking approval from an American consulate. *Id.* The form also indicated, however, that Mr. Tea had already been granted R-1 status, and that his status had not yet expired. *Id.* The Khmer Buddhist Society sent the form to USCIS's Nebraska Service Center. The USCIS responded with a "Request for Evidence" letter that noted that the Nebraska Service Center had jurisdiction over the application only if the applicant was merely seeking an extension of previously granted non-immigrant status. Compl., Ex. 2. The Khmer Buddhist Society sent the letter back to USCIS, with a handwritten annotation stating: "Petitioner wishes to transfer/extend nonimmigrant status of beneficiary." *Id.* For reasons not clear from the record, USCIS nonetheless denied the I-129 petition on August 26, 2005, indicating in its denial letter that Mr. Tea was required to file his petition at an American consulate. Compl., Ex. 3.

There is no evidence regarding what transpired with Mr. Tea in the 16 months between the USCIS's denial of his petition and his decision to file this lawsuit in January 2007. Mr. Tea has apparently filed an I-360 Special Immigrant petition whose approval has been delayed pending the resolution of this dispute. There is no evidence in the record regarding this petition, however, and no evidence that it has any bearing on the resolution of the case before the court.

ORDER – 2

In his complaint, Mr. Tea invoked the Administrative Procedures Act to force the USCIS to rescind its denial of his I-129 petition. In April 2007, the USCIS reopened the petition on its own after determining that the Khmer Buddhist Society had made a clerical error indicating that consular processing was necessary. Jacobson Decl. ¶ 6.

On June 4, 2007, USCIS formalized its decision to reopen the I-129 petition, but denied it nonetheless. Jacobson Decl. ¶ 7; Dkt. # 15, Ex. 2. The denial letter explained that the USCIS had resolved the errors with respect to the consular processing issue, but had found new grounds for denying the petition on its merits. Dkt. # 15, Ex. 2. Specifically, based on Mr. Tea's statements in the I-129, it found that he had lost his R-1 status by moving to Seattle in 2004. *Id.* USCIS cited 8 C.F.R. § 214.1(r)(6), which states that an "unauthorized change to a new religious organizational unit" will constitute a failure to maintain status . . . ." *Id.*

The parties' positions in the motions before the court are as follows: Mr. Tea contends that his move to Seattle was not a change in his employment or a move to a new religious unit, but rather a decision by the International Buddhist Temple to send him to the Khmer Buddhist Society to help them. He argues that USCIS should have sent him either a request for evidence or a notice of intent to deny his application, providing him with an opportunity to produce additional evidence regarding his sponsorship. He moves for summary judgment, arguing that the court should order USCIS to rescind its denial and send Mr. Tea either a request for evidence or a notice of intent to deny.

USCIS contends that this lawsuit is now moot. Mr. Tea sued to address the alleged error in the USCIS's initial denial of his petition, and that issue has been resolved. The USCIS requests that the court dismiss the action for that reason. The USCIS notes that it told Mr. Tea's counsel in April 2008 that he should file a motion to reopen his I-129 petition if he had evidence that his Seattle employment did not violate the terms of Mr. Tea's R-1 visa. Jacobson Decl. ¶ 10. For reasons not apparent from the record, Mr. Tea has not moved to reopen the petition.

ORDER – 3

The court must deny Mr. Tea's summary judgment motion. Mr. Tea cites no legal authority establishing that the court can order USCIS to rescind its denial of the I-129 petition and request new evidence relating to Mr. Tea's sponsorship. Mr. Tea's briefing gives the court no basis to conclude that it has authority to grant relief. This does not mean that the court cannot grant relief; it means that Mr. Tea's counsel must do a substantially better job providing legal authority. Moreover, the court reiterates that, on the record before it, counsel's refusal to move to reopen the I-129 petition is inexplicable.

The court must also deny the USCIS's motion to dismiss. The court agrees that the initial dispute between the parties, the dispute described in Mr. Tea's complaint, has been resolved. This is not the end of the court's inquiry, however. There is no question that the parties have an unresolved dispute over Mr. Tea's I-129 petition. That this dispute is not described in Mr. Tea's complaint is not dispositive, as the court has both jurisdiction and discretion to consider new disputes that arise between parties as an action evolves. In the immigration context, the court has routinely granted immigrants' motions to amend their pleadings when action by the government moots their original claims, but gives rise to new ones. *See*, *e.g.*, *Minhas v. Christian*, Case No. C07-339RAJ, Dkt. # 42 (granting plaintiff's motion to supplement pleadings to assert new controversy when original controversy became moot). The court's experience in similar immigration matters suggests that the interests of justice are best served by allowing an immigrant to pursue disputes to finality, even where intervening government action moots the specific claims that the immigrant originally asserted. The government's preferred approach would subject immigrants to the cost and delay of filing a new action each time the government acts, and provide a perverse incentive for piecemeal government action.

The burden is now on Mr. Tea's counsel to take the steps necessary to pursue relief on his client's behalf. The court therefore orders as follows:

1) Because it appears that the parties may be able to resolve this action amicably, the court will grant the parties a period to discuss a settlement.

ORDER – 4

2) No later than February 23, 2009, Mr. Tea shall file an amended complaint and a stipulation to permit the amendment. If USCIS declines to stipulate to the amended complaint, Mr. Tea shall file a motion to amend by the same date.

3) If USCIS stipulates to the amended complaint, Mr. Tea shall file a summary judgment motion no later than March 2, 2009. If USCIS does not stipulate, the court will set a deadline for filing a summary judgment motion, if necessary, in its order resolving Mr. Tea's motion to amend. In either event, the court expects Mr. Tea to present a detailed motion, including appropriate legal authority, establishing his entitlement to the relief requested and the court's authority to grant that relief.

4) Failure to comply with any of these deadlines will result in an order to show cause why this action should not be dismissed for failure to prosecute.

### III. CONCLUSION

For the reasons stated above, the court DENIES Mr. Tea's motion for summary judgment (Dkt. # 15) and DENIES USCIS's motion to dismiss (Dkt. # 27).

DATED this 15th day of January, 2009.

The Honorable Richard A. Jones
United States District Judge

ORDER – 5